IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>WE THE PEOPLE USA, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case Nos. _____, *et seq.*<br>(joint administration pending) |

**DECLARATION OF MARK PRIOR**
**IN SUPPORT OF FIRST-DAY REQUESTS FOR RELIEF**

Mark Prior, being over the age of eighteen years and having personal knowledge of the matters set forth herein, declares, deposes, and states as follows:

1. I am an employee of the above-captioned debtors, We The People USA, Inc. and We The People LLC (the "Debtors"). Before the Petition Date (as defined below), I was an officer of one of the Debtors, and I have been involved with the Debtors as Assistant General Counsel since March 2007. My duties and responsibilities include reviewing and familiarizing myself with the operations, assets, liabilities, and financial affairs of the Debtors. Accordingly, where appropriate, the facts below are based on the books and records of the Debtors, electronic records, or compilations or summaries thereof, which are kept in the ordinary course of business. I am also a custodian of the books and records of the Debtors as they are kept in the ordinary course of business. Except as otherwise expressly noted, I have personal knowledge of the facts set forth herein and have familiarized myself with the books and records of the Debtors sufficiently to form the opinions stated herein. If called and sworn as a witness, it is my belief that I could and would testify competently to the facts set forth herein.

2. This declaration is submitted in connection with, and in support of, the voluntary petitions for relief filed under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and the first-day motions, pleadings, and applications filed by the Debtors in the above-

captioned Chapter 11 cases (collectively, the "First Day Pleadings"). The purpose of this declaration is to acquaint the Court and other parties-in-interest with the nature of the Debtors' operations and as evidentiary support for the relief requested in the First Day Pleadings. By making this declaration, it is my intention, at the instruction of the Debtors, to provide sufficient information and evidentiary support for the Court to rule upon the relief requested in the First Day Pleadings. Except as otherwise authorized by the Debtors,[1] this declaration shall not be used for any other purpose.

3. On February 19, 2010 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors have managed their affairs as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

## THE DEBTORS' BUSINESS

4. In March 2005, We The People USA, Inc. ("WTP USA") acquired substantially all the assets of the We The People franchise system. In July 2007, We The People LLC ("WTP LLC"), a wholly-owned subsidiary of WTP USA, was assigned and assumed certain assets and obligations of WTP USA. The Debtors operate a business providing document preparation services to unrepresented persons throughout certain areas of the United States in uncontested legal matters such as divorces, trusts, incorporations, wills, and powers of attorney. The Debtors' business model consists of a document processing operation that receives orders from independent We The People franchisees, completes a typed document in accordance with the orders, and returns the document to the franchisee for a document processing fee. The Debtors

---

[1] The Debtor may withhold its authorization to use this declaration for any other purpose in its sole discretion. The Debtor may also determine, in its sole discretion, that its right and authority to grant or reject another use of this declaration may be irrevocably waived and extinguished, and any such waiver and extinction shall thereafter be binding upon itself and its successors.

also provide "fill-in the blank" form documents to We The People franchisees for sale to the general public. The Debtors operate strictly as a franchise system, and do not themselves operate any We The People stores.

5. The Debtors have been unable to operate their business model profitably since the business was acquired, in part as a result of the expense of litigation initiated by certain past and present franchisees and customers of franchisees. While the Debtors believe that they have meritorious defenses to those actions, overwhelming defense and legal costs have contributed to the Debtors' substantial operating losses. In 2009, the Debtors suffered a net loss of $2,428,019 on gross revenues of approximately $1,379,609. By the end of 2009, the Debtors' monthly operating revenues were down to approximately $13,185.75.

6. Because the Debtors were unable to meet their expenses with operational cash flow before the Petition Date, they relied upon unsecured intercompany loans from Dollar Financial Group, Inc. ("DFG"), the parent company of WTP USA. On the Petition Date, the total amount owed to DFG by the Debtors was approximately $38 million.

7. Over the last year, most of the Debtors' franchises have closed, either as a result of unilateral closure by the franchisee or by virtue of a franchise termination agreement. On the Petition Date, the Debtors had eight remaining operating franchisees. Those franchisees operate a total of eight stores, located in New York, California, Missouri, and Utah.

8. Initially, the Debtors' finances were integrated into a global cash concentration account utilized by DFG to handle the cash for DFG's portfolio of affiliates. During this period, DFG accounted separately for each of the affiliates but all cash passed through a limited number of commingled accounts. As of February 2010, the Debtors were under the deficit of approximately $38 million referenced above. In January 2010, the Debtors began using separate

bank account from which the Debtors' expenses were paid. To the extent that the Debtors lacked their own cash to meet their expenses, they received intercompany loans from DFG to make up the shortfall.

9. In meeting these expenses beyond their own cash, the Debtors sometimes relied upon direct payments from DFG. One example is human resources. The Debtors presently have seven employees that provide document processing and administrative services. The Debtors' human resources were paid by a payroll system established by DFG for all of its affiliates. Under this system, DFG employed a single payroll servicer to administer the payroll for all of the affiliates, and the funds advanced by the payroll system were charged back to the actual affiliate-employer in the cash management system. Even after the Debtors started using their own bank account to pay their expenses, the Debtors' employees continued to be paid through the centralized payroll system, with an appropriate intercompany account entry, because it was less administratively burdensome than requiring DFG to separately advance funds to the Debtors and then for the Debtors to pay a separate payroll servicer to handle payroll. Moreover, some of the Debtors' employees (including myself) were—and still are—employees of DFG and its affiliates, so payment to such employees by a single paycheck is also more convenient.

10. DFG also furnishes the Debtors with many administrative facilities, such as office space in two locations, utilities, office supplies, telephones, computers and networking, human resources benefits to the Debtors' employees, accounting, and tax return management. Some of these expenses are charged back to the Debtors when they can be specifically identified, while others are provided without charge (although the Debtors have no right to force DFG to continue providing them should it choose to discontinue them).

11. The Debtors have only one secured creditor, Wells Fargo Bank, N.A. ("Wells Fargo"), which acts as the administrative agent for a consortium of lenders on account of a DFG loan facility guaranteed by the Debtors. Based upon the fact that the WTP entities qualify as "insignificant subsidiaries" under the Wells Fargo loan agreement whose bankruptcy filings do not trigger an event of default hereunder and whose assets do not comprise a material component of the collateral securing that loan, as well as discussions between DFG and Wells Fargo, the Debtors do not believe that Wells Fargo will participate in any way meaningful way in these cases.

I reserve the right to amend or supplement this declaration as necessary.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING
IS TRUE AND CORRECT.

Dated: 2-19-10                              by: _____
                                                Mark Prior, Esquire