UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re* | : | Chapter 11 |
| | : | |
| WE THE PEOPLE USA, INC., *et al.*, | : | |
| | : | Case Nos. 10-10503-KJC |
| | : | |
| Debtors. | : | (Jointly Administered) |

**ORDER GRANTING DEBTORS' APPLICATION FOR AN ORDER
AUTHORIZING THE DEBTORS TO EMPLOY EXECUTIVE
SOUNDING BOARD ASSOCIATES, INC. *NUNC PRO TUNC* TO PETITION DATE**
(*Relates to Docket No. 23*)

Upon consideration of the Debtors' Application for Authority To Employ Executive Sounding Board Associates, Inc., *Nunc Pro Tunc* to the Petition Date (the "Motion") and any response(s) to the Motion, after due and proper notice of the motion was given and a hearing was held on the Motion, it is ORDERED that:

1. The Motion is GRANTED as modified herein. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion.

2. We The People USA, Inc. and We The People LLC (the "Debtors") are authorized to engage Executive Sounding Board Associates, Inc. ("ESBA") on the terms described in the Motion, subject to the following terms, which apply notwithstanding anything in the Motion or any exhibit(s) related thereto to the contrary:

    (a.) ESBA and its affiliates shall not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent/claims

6104978v.1

1

administrator, or investor/acquirer) in connection with the above-captioned cases.

(b.) In the event the Debtors seek to have ESBA personnel assume executive officer positions that are different than the position(s) disclosed in the Motion, or to materially change the terms of the engagement by either (i) modifying the functions of personnel, (ii) adding new personnel, or (iii) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed.

(c.) ESBA shall file with the Court with copies to the United States Trustee ("U.S. Trustee") and all official committees a report of staffing on the engagement for the previous month. Such report shall include the names and functions filled of the individuals assigned. All staffing shall be subject to review by the Court in the event an objection is filed.

(d.) No principal, employee or independent contractor of ESBA and its affiliates shall serve as a director of any of the above-captioned Debtors during the pendency of the above-captioned cases.

(e.) ESBA shall file with the Court, and provide notice to the U.S. Trustee and all official committees, reports of compensation earned and expenses incurred on a monthly basis. Such reports shall contain summary charts which describe the services provided, identify the compensation earned by each executive officer and staff employee provided, and itemize the expenses incurred. All compensation shall be subject to review by the

Court in the event an objection is filed.

(f.) Success fees, transaction fees, or other back-end fees shall be approved by the Court at the conclusion of the case on a reasonableness standard and are not being pre-approved by entry of this Order. No success fee, transaction fee or back-end fee shall be sought upon conversion of the case, dismissal of the case for cause, or appointment of a trustee.

(g.) The Debtors are permitted to indemnify those persons serving as executive officers on the same terms as provided to the Debtors' other officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtors' D&O policy.

(h.) There shall be no other indemnification of ESBA or its affiliates by the Debtors.

(i.) For a period of three years after the conclusion of the engagement, neither ESBA nor any of its affiliates shall make any investments in the Debtors or the Reorganized Debtors.

(j.) ESBA shall disclose any and all facts that may have a bearing on whether the firm, its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtors, their creditors, or other parties in interest. The obligation to disclose identified in this subparagraph is a continuing obligation.

(k.) The terms and conditions of the Retainer are hereby approved.

(l.) The Court will retain jurisdiction to enforce the terms of the Motion and

this Order.

BY THE COURT:

*[signature]* 3-16-10

The Honorable Kevin J. Carey
United States Bankruptcy Judge