IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>WE THE PEOPLE USA, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case Nos. 10-10503-KJC, *et seq.*<br>(jointly administered) |

**SCHEDULES OF ASSETS AND LIABILITIES
AND
STATEMENT OF FINANCIAL AFFAIRS
FOR WE THE PEOPLE USA, INC.**

Adam Hiller, Esquire
Pinckney, Harris & Weidinger, LLC
1220 North Market Street, Suite 950
Wilmington, DE 19801
(302) 504-1497 (telephone)
(302) 442-7046 (facsimile)

*Attorneys for the Debtors*

We The People USA, Inc., debtor in possession (the "Debtor"), hereby submits its Schedules of Assets and Liabilities and Statements of Financial Affairs (collectively, the "Schedules") pursuant to 11 U.S.C. § 521 and Fed. R. Bankr. P. 1007. The notes, statements, and disclaimers made herein (the "Global Notes") are fully incorporated by reference in, and comprise an integral part of, the Schedules and should be referred to and reviewed in connection with any review of the Schedules.

## GENERAL NOTES REGARDING THE SCHEDULES AND SOFA

1. **Description of the Case and "As Of" Information Date.** On February 19, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition"). Since the Petition Date, the Debtor has operated its business and managed its property as a debtor in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. For purposes of the Schedules, which are intended to relate to facts or events occurring before the filing of the Petition, the Debtor disclosed all facts or events through and including February 18, 2010. The Debtor also attempted to include facts and events that occurred on the Petition Date but prior to the actual filing of the Petition, but to the extent that any such facts or events were inadvertently omitted, the Debtor reserves the right to amend the Schedules to correct any such defects.

2. **Unaudited Financial Information.** While the Debtor has sought to ensure that the Schedules are accurate and complete based upon information that was available at the time of preparation, the subsequent receipt of information or any audit may result in material changes to financial data and other information contained in the Schedules. Except as otherwise certified, all of the data set forth herein is unaudited. The Schedules do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("GAAP"), nor are they intended to correspond to any financial statements otherwise prepared and/or distributed by the Debtor. The amounts set forth in the Schedules may differ in some respects from financial statements or other financial documents prepared by, for, or on behalf of the Debtor and those differences may be material.

3. **Accuracy.** While the Debtor has sought to file complete and accurate Schedules, inadvertent errors and omissions may exist. Accordingly, the Debtor reserves the right to amend the Schedules as necessary or appropriate.

4. **Book Value of Property Interests.** It would be prohibitively expensive and unduly burdensome to obtain current market valuation of the Debtor's property interests and other significant assets. Accordingly, unless otherwise noted, the depreciated book value on the Debtor's books, rather than current market value or other valuation methodologies, of the Debtor's interests in property is reflected on the Schedules.

5. **Liabilities.** In preparing the Schedules, the Debtor sought to allocate liabilities between prepetition and postpetition periods based on ongoing information and research. As additional information becomes available and further research is conducted, the allocation of

liabilities between prepetition and postpetition periods may change and the Schedules may be amended accordingly.

6. <u>Claim Description</u>. Any failure to designate a claim on the Schedules as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtor that such claim is not "contingent," "unliquidated," or "disputed." The Debtor expressly reserves the right, on its own behalf or on behalf of the estate, to dispute, or to assert offsets or defenses, to any claim reflected on the Schedules as to existence, validity, amount, classification, priority, or security, or to amend the Schedules to designate any claim as "contingent," "unliquidated," or "disputed." The Debtor has attempted to reconcile each of the claims against its own records and to dispute those with which its records disagree, but in the event the Debtor subsequently determines that any claims listed on the Schedules as "undisputed" are inconsistent with its books and records, the Debtor reserves the right to amend the Schedules to reflect that such claims are disputed, or to object to such claims without amending the Schedules if it determines that amending the Schedules is unnecessary.

7. <u>Executory Contracts and Unexpired Leases</u>. In the ordinary course of its business, the Debtor may have leased real property and/or various articles of personal property from third-party lessors. Such leases are described in the Schedules, but the leased property may not be reflected in the Schedules as assets of the Debtor or property or assets of third parties within the control of the Debtor. On or before the Petition Date, any such contracts or leases listed on Schedule G may have been terminated, may have expired, or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements which may not be listed therein. Certain of the contracts or leases listed on Schedule G may contain renewal options, guarantees or payments, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights, which may or may not be set forth on Schedule G. Certain executory contracts may not have been memorialized and could be subject to dispute. Executory contracts that are oral in nature, if any, have been scheduled to the best of the Debtor's knowledge. Additionally, the Debtor may be party to various other agreements concerning real property, such as easements, rights of way, purchase options, subordination, non-disturbance, supplemental agreements, amendments/letter agreements, title documents, consents, site plans, maps and other miscellaneous agreements, and such agreements, if any, may not be set forth in Schedule G.

Moreover, certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings. Nothing in the Schedules should be construed as an admission or determination as to the legal status of any lease or contract, including but not limited to: (i) whether the Debtor intends to assume, assume and assign, or reject any unexpired lease or executory contract; (ii) whether any interest described (or identified on the face of the controlling documents) as a lease constitutes a true lease or a financing arrangement; (iii) whether any lease was unexpired on the Petition Date; and (iv) whether any contract was executory on the Petition Date. The Debtor reserves all of its rights, claims and causes of action with respect to the contracts and leases listed on, or omitted from, the Schedules.

8. <u>Tax Claims</u>. Tax liabilities may be listed on Schedule E (priority) and, in some cases where appropriate, Schedule F (unsecured), rather than on Schedule D (secured), as such classification analysis/determination requires an analysis of various states' laws which has not been completed.

9. <u>Secured Claims</u>. Listing of a claim on Schedule D as a secured claim does not constitute an admission by the Debtor that such claim is secured. Any descriptions of claims, security, collateral, or value provided in Schedule D are intended only as a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens securing each claim listed on Schedule D. The Debtor reserves the right to dispute any claim listed on Schedule D as to amount, liability, or its classification as a secured claim. Moreover, the listing of a claim on Schedule D as a secured claim does not constitute an admission by the Debtor that to the extent such claim is secured, such claim is perfected or otherwise enforceable against property of the estate as a security interest, lien, interest, mortgage, or other encumbrance.

10. <u>Claim Amounts</u>. The amount of claims of individual creditors for, among other things, merchandise, goods, services, or taxes are scheduled in accordance with the amounts invoiced by the creditors as entered on the Debtor's books and records and may not reflect credits or allowances due from such creditors to the Debtor. The Debtor reserves all rights with respect to any such credits and allowances including without limitation the right to assert claims objections and/or setoffs with respect to same. The dollar amounts of claims listed may be exclusive of contingent and unliquidated amounts.

11. <u>Causes of Action</u>. The Debtor has set forth all of its known causes of action against third parties as assets in its Schedules. Due to the timing of the filing of the Schedules and the fact that not all causes of action may have been clearly identified, the Debtor reserves all of its rights with respect to any causes of action it may have, regardless of whether and how disclosed. Neither these Global Notes nor the Schedules shall be deemed a waiver or limitation of any such causes of action. Moreover, the inadvertent failure to list a particular cause of action in the Schedules is not an admission that such cause of action does not exist and the Debtor reserves the right, at any time, to amend the Schedules to include any cause of action that was omitted. **No person reviewing the Schedules should conclude or infer that a cause of action not listed in the Schedules does not exist or has been waived, released, discharged, or otherwise extinguished, and any reliance upon such a conclusion or inference is expressly unreasonable.**

12. <u>Satisfied Claims</u>. The Debtor may have satisfied, and may in the future satisfy (to the extent permitted by law), certain debts that may have constituted claims as of the Petition Date. For example and not by way of limitation, the Bankruptcy Court may enter orders authorizing the Debtor to pay certain claims incurred prior to the Petition Date, some of which may be entitled to priority treatment under 11 U.S.C. § 507. To the extent that the Debtor made payments on or after the Petition Date as permitted under the applicable orders, the recipients may not be listed in the Schedules. The inclusion of any claim on the Schedules or Statements should not be construed as an admission that such claim was not satisfied on or

after the Petition Date, and the inclusion or exclusion of certain claims that were satisfied on the Petition Date shall not constitute an admission that all such claims were included or excluded. Furthermore, payment by the Debtor of any prepetition claim does not constitute an admission or estoppel that such payment was authorized by the Court or the Bankruptcy Code, and the rights of the Debtor's estate to avoid and recover such payments is expressly preserved regardless of how such claim may appear on the Schedules.

13. <u>Insiders</u>. At certain points, the Schedules require the disclosure of information pertaining to insiders of the Debtor. Because it is often unclear who might constitute insiders of the Debtor as that term is defined by 11 U.S.C. § 101(31), the Debtor has attempted to be over-inclusive in the Schedules in disclosing information about (i) entities that may ultimately be deemed insiders by the Court, and (ii) the Debtor's transactions with, and relationships to, such entities. Nothing in the Schedules should be construed as an admission that such entities are insiders of the Debtor.

The Debtor notes, however, that while it is taking an expansive view in identifying the persons included in the definition of insider, payments to insiders are not included in ¶ 3c. of the Statement of Financial Affairs to the extent that such payments were made by a third-party non-debtor unless the non-debtor has asserted a claim or setoff against the Debtor on account of such payment.

14. <u>Co-Defendants</u>. Schedule H contains a list of the parties that may be co-debtors on account of claims or obligations of the Debtor. Parties listed on this schedule have not consented to their inclusion on this schedule and no estoppel has been thereby created. When it was uncertain whether a party was a co-debtor, the Debtor erred on the side of including it and reserves the right to amend the schedules in this regard. The Debtor did not include any party that is merely a co-defendant in litigation with the Debtor unless such party has agreed to assume the Debtor's liability arising therefrom.

15. <u>Customer List</u>. The Debtor does not have a proprietary interest in any customer lists of its franchisees. The Debtor may be in possession of some customer lists belonging to its franchisees for litigation purposes, some of which may contain personally identifiable information as defined in 11 U.S.C. § 101(41A). The Debtor intends to take such internal measures as shall be necessary or appropriate to protect personally identifiable information from improper disclosure.

16. <u>Assigned Contracts</u>. Before the Petition Date, the Debtor assigned a large number of contracts to its wholly owned affiliate, We The People USA, Inc. The Debtor does not believe that it retained any interest in such contracts upon the assignment but reserves the right to amend the Schedules should it determine that any such interest existed on the Petition Date.

17. <u>Specific Notes</u>. These Global Notes are in addition to any specific notes set forth in the Schedules.

18. <u>Submission of Counsel</u>.  The execution below of counsel is for submission of these Global Notes only and does not constitute a statement under oath of the validity of the matters set forth in the Schedules.

Dated: March 24, 2010
      Wilmington, Delaware

Respectfully submitted,

PINCKNEY, HARRIS & WEIDINGER, LLC

 /s/ **Adam Hiller**
Adam Hiller (DE No. 4105)
Donna Harris (DE No. 3740)
1220 North Market Street, Suite 950
Wilmington, Delaware 19801
(302) 504-1497 telephone
(302) 442-7046 facsimile

*Attorneys for the Debtor*